*498 MEMORANDUM BY THE COURT
The plaintiff in this case claims that the United States took its property and destroyed it, and it therefore insists that it must be paid, not only the cost of the property alleged to have been destroyed but in addition thereto the incidental damages which it was put to by the use of the property alleged to have been taken.
The facts, which are fully set out in the findings, do not disclose a taking of the property of the plaintiff by the United States. The United States leased a certain tract of land for purposes of aviation. The road of the plaintiff ran *499 through the land.; the plaintiff before the lease was executed turned over the use and control of the road to the lessor of the United States with the distinct avowal in the order of its court that the road was to be used for the purposes of an aviation field. In the use of the land for aeronautical purposes it was necessary to level up the road, remove a bridge, and do other things to make the whole field level, and this was done partly by the lessor and partly for the said lessor by the United States. There was no taking of property for which recovery can be had in this court. If the plaintiff can recover, it must be upon an implied contract. The facts in this case preclude the implication of a promise to pay, and the plaintiff’s petition must be dismissed.
See Horstmann Co. v. United States, 257 U. S. 138, 145. 146. where reference is made to United States v. Lynah, 188 U. S. 445, and where it is pointed out by the court that in subsequent cases the “ generality ’’ in the reasoning of that case has had exception in subsequent cases.